UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KENNETH B. HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1621 (RMC) |
| | ) | |
| SCOTT MIDDLEBROOKS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Kenneth Hunter's petition for a writ of habeas corpus. For the reasons discussed below, the petition will be denied.

**I. FACTS**

Petitioner states that, on May 16, 1986, he set fire to an occupied dwelling resulting in the death of four occupants, and on March 10, 1987, in the Superior Court of the District of Columbia, he was convicted of four counts of first degree murder. *See* Pet. at 2.[1] He alleges that he sustained a severe head injury prior to the fire, *id.* at 3-4, and he attributes his offense behavior to "possible undiagnosed mental illness and/or organic brain damage" resulting from this injury, *id.* at 12. In his petition, he claims that his right to due process was violated when the trial judge failed to conduct a proper mental competency hearing prior to sentencing, *id.*

---

[1] Petitioner has filed his habeas petition on a 16-page preprinted form to which he attached a 20-page typewritten statement and exhibits. References to the petition in this Memorandum Opinion are references to the typewritten statement.

at 1, and he now asks this Court to issue a "writ of habeas corpus . . . instructing the Superior Court . . . to conduct a competency hearing in order to determine his competency for sentencing." *Id.* at 20.

## II. ANALYSIS

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention"). The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2073 (2010).

Petitioner asserts that the local remedy under D.C. Code § 23-110 is inadequate and ineffective to test the legality of his detention for two reasons. First, he claims that the

Superior Court is loathe to grant him the relief he seeks because of "the nature of the crime that he was convicted of" and the strong "emotional response from the citizens of the District of Columbia." Pet. at 8. For these reasons, petitioner claims that the Superior Court "has no choice[] but to do everything in its power to deny whatever it is that [he] may file, regardless of how meritorious the issues may be." *Id.* Secondly, petitioner alleges that "because of [his] mental handicap [he is] basically totally illiterate to the law," such that this Court "should have grave doubts about the efficacy of the Superior Court's post-conviction proceedings that [he] has unsuccessfully tried to initiate, along with grave doubts concerning the fairness of [his] sentencing and trial." *Id.* Petitioner also mentions that he has filed at least seven motions under D.C. Code § 23-110, and that the Superior Court denied the seventh motion "on 'abuse of the writ' grounds." *Id.* at 5.

"It is well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective." *Joyner v. O'Brien*, No. 09-0913, 2010 WL 199781, at *2 (D.D.C. Jan. 15, 2010) (citations omitted); *see Corley v. U.S. Parole Comm'n*, No. 08-1342, 2009 WL 2606554, at *3 (D.D.C. Aug. 26, 2009) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Morton v. United States,* No. 07-5253, 2008 WL 4726051, at *1 (D.C. Cir. June 12, 2008) (denying request for certificate of appealability on the ground that appellant "may not challenge his District of Columbia convictions in federal court unless his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention . . . , and [t]he § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied"). Petitioner cannot avail himself of this forum to bring a due process claim or what the Court construes as an ineffective assistance of trial counsel claim,

-3-

*see* Pet. at 20, merely because his prior attempts in the District of Columbia courts to vacate or set aside his conviction have been denied.

Although D.C. Code § 23-110 does not bar a District of Columbia Code offender from bringing in federal district court a claim of ineffective assistance of appellate counsel, *Williams*, 586 F.3d at 998-99, petitioner does not allege that he sought to recall the mandate with respect to an unfavorable ruling on direct appeal or the appeal of any ruling on a post-conviction motion. His failure to file a motion to recall the mandate does not render his remedy in the District of Columbia Court of Appeals inadequate. *See Collier v. United States*, No. 99-5120, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (concluding that a petitioner's "[f]ailure to prevail in [the District of Columbia Court of Appeals] does not render his local remedies inadequate or ineffective"); *Johnson v. Stansberry*, No. 10-0178, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010) (denying habeas petition of a petitioner who "did not move to recall the mandate [and had] not exhausted his local remedies"); *Reyes v. Rios*, 432 F. Supp. 2d 1, 4 (D.D.C. 2006) ("Even if petitioner has failed to file a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to support his petition in this Court."). And to the extent that petitioner requests an Order directing the Superior Court to conduct a hearing or to revisit a prior decision, this Court has no such jurisdiction. Petitioner therefore has not demonstrated that the remedies in the District of Columbia courts are inadequate or ineffective to test the legality of his conviction.

### III. CONCLUSION

Accordingly, Mr. Hunter's petition for writ of habeas corpus [Dkt. # 1] will be denied and this case will be dismissed. A memorializing Order accompanies this Memorandum

Opinion.

Date: October 5, 2010

/s/
ROSEMARY M. COLLYER
United States District Judge